## St. Louis and Southeastern Railway Company

*v.*

## Thomas B. Needles, Assignee.

Evidence in ejectment—*of condemnation for railway purposes.* Where a railway company, under its charter, is empowered to condemn land for right of way, and does so, and transfers its rights to another company which is authorized by law to make the purchase, it is error to exclude evidence of the proceedings to condemn, in an action of ejectment against the latter railway company, where no objections are shown to such proceedings.

Writ of Error to the Circuit Court of Washington county; the Hon. Amos Watts, Judge, presiding.

Mr. J. M. Hamill, for the plaintiff in error.

Mr. Justice Breese delivered the opinion of the Court:

This was an action of ejectment, in the Washington circuit court, brought by John L. Post, plaintiff, and against the St. Louis and Southeastern Railway Company, defendants, to recover possession of a strip of land one hundred feet wide, in the occupancy of the defendants, as their railway track. During the progress of the cause, Post, the plaintiff, became bankrupt, and his estate became vested in his assignee, Thomas B. Needles, in whose name the suit was further prosecuted. There was a plea of not guilty, and the issue was tried by the court without a jury. The court found the defendants guilty. A new trial was granted under the statute, and the cause again tried by the court, resulting in a like verdict, finding that the plaintiff was the owner in fee simple of the land, and entitled to possession. A motion for a new trial was denied, and judgment entered against the defendants. To reverse this judgment, this writ of error is prosecuted.

There is no question, that plaintiffs in error are and were a regularly organized railroad incorporation.

It appears the source of title to this strip of land was one Paris M. Creal, who conveyed the land to John M. Burns, describing the same as a strip of land one hundred feet wide, (through certain parts of sections,) containing four acres and eighty-seven square rods, " being that designated by the Mt. Vernon Railroad Company, for the right of way for said road." This deed bore date June 2, 1862.

On May 10, 1861, Creal and wife conveyed, by deed of that date, to John L. Post, certain tracts of land, describing them, with this exception—" excepting, however, out of the above description, a certain grant of right of way made to the Ashley and Mt. Vernon Railroad."

The defendants then proposed to prove that this strip of one hundred feet in width had been duly condemned by the Mt. Vernon Railroad Company, for their track and road, and, on objection being made by plaintiff, the court ruled out such testimony. In this, there was error. The charter of the Mt. Vernon Railroad Company authorized the corporators to purchase, receive as a gift, or condemn land on its route, for a track and roadway. Private Laws 1855, p. 249, and the charter of appellants, Private Laws of 1869, p. 245, authorized them to purchase the road of the Mt. Vernon company. The court, therefore, should have permitted evidence to show the Mt. Vernon Railroad Company had proceeded to condemn, and did procure to be condemned, this strip, as their roadway. No objection was pointed out to the proceedings, as appeared in evidence, and we perceive none.

For this error, the judgment must be reversed and the cause remanded. Plaintiff in error showing a condemnation of this strip by the Mt. Vernon company, and a transfer of all their rights to plaintiff in error, defendant in error will not be entitled to the possession, and the action must fail.

The judgment is reversed and the cause remanded.

*Judgment reversed.*